JONATHAN H. BLAVIN (State Bar No. 230269)
jonathan.blavin@mto.com
ELLEN M. RICHMOND (State Bar No. 277266)
ellen.richmond@mto.com
JOSHUA PATASHNIK (State Bar No. 295120)
josh.patashnik@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, CA 94105-4000
Telephone:  (415) 512-4000
Facsimile:   (415) 512-4077

JOHN W. SPIEGEL (State Bar No. 78935)
john.spiegel@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, Thirty-Fifth Floor
Los Angeles, California 90071-1560
Telephone:  (213) 683-9100
Facsimile:   (213) 687-3702

Attorneys for Plaintiff Airbnb, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| AIRBNB, INC.,<br><br>                 Plaintiff,<br><br>         vs.<br><br>CITY OF SANTA MONICA,<br><br>                 Defendant. | Case No.  2:16-cv-6645<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

For its complaint, plaintiff Airbnb, Inc. ("Airbnb") alleges as follows:

**INTRODUCTION**

1.     This is an action to enjoin and declare unlawful the enforcement against Airbnb by the City of Santa Monica (the "City") of its "Home-Sharing" Ordinance (the "Ordinance"), set forth in Chapter 6.20 of the Santa Monica Municipal Code.  This action is brought pursuant to 42 U.S.C. § 1983, 18 U.S.C. § 2707, the Court's equitable powers, and the Declaratory Judgment Act, 28 U.S.C. § 2201.

2.     The Ordinance directly conflicts with, and is preempted by, the Communications Decency Act of 1996, 47 U.S.C. § 230 *et seq.* (the "CDA").  The Ordinance seeks to hold Airbnb liable for content created by third-party users, by punishing Airbnb for listings posted to its platform where those listings do not comply with City law.  As such, the Ordinance unquestionably treats online platforms such as Airbnb as the publisher or speaker of third-party content and is completely preempted by the CDA.

3.     In addition, the Ordinance violates the First Amendment as an impermissible content-based regulation, and the First Amendment and the Due Process Clause of the Fourteenth Amendment because it imposes strict liability on Hosting Platforms that host non-compliant short-term rental listings, and does so in an impermissibly vague manner.

4.     The Ordinance also violates the Stored Communications Act, 18 U.S.C. §§ 2701 *et seq.* (the "SCA") and the Fourth Amendment by requiring disclosure to the City of certain customer information without any legal process or pre-compliance review.[1]

---

[1] This action is both an as-applied and a facial challenge against the Ordinance.  It is an as-applied challenge in that it seeks only to prohibit the City from enforcing certain provisions of the Ordinance against Airbnb; and it is a facial challenge in

1

5.       The Ordinance prohibits "Vacation Rental activity," defined as the rental of any property for 30 days or less where the rental is for "exclusive transient use," i.e., the host is not present during the entirety of the stay.  Santa Monica Mun. Code ("S.M. Code") §§ 6.20.010(c), 6.20.030(a).  It also imposes a number of restrictions on "Home-Sharing," defined as an "activity whereby the residents host visitors in their homes, for compensation, for periods of 30 consecutive days or less, while at least one of the dwelling unit's primary residents lives on-site, in the dwelling unit, throughout the visitors' stay." *Id.* § 6.20.010(a).  There are a variety of reasons that a third-party rental listing may violate the Ordinance, including if it fails to comply "with all applicable laws, including all health, safety, building, fire protection, and rental control laws." *Id.* § 6.20.020(a)(5).

6.       The Ordinance subjects a "Hosting Platform"—defined as a "marketplace in whatever form . . . which facilitates the Home-Sharing or Vacation Rental, through advertising, match-making, or any other means"—to strict criminal liability, including potential jail time and substantial fines, for publishing any third-party advertisement that violates the Ordinance.  *Id.* §§ 6.20.010(b); 6.20.030(a); 6.20.100(a).  As such, the Ordinance requires Hosting Platforms to verify that each third-party rental listing on their sites complies with *all* aspects of City law before publishing the listing.

7.       Over the past year, the City has sent several letters to Airbnb demanding that Airbnb "remove" certain "advertisements for vacation rentals" from its website.  These letters have stated that, while there are "hundreds" of unlawful vacation rentals on Airbnb's platform, the office is issuing "administrative citations" to Airbnb relating to certain properties in Santa Monica listed on Airbnb.  The

---

that certain provisions, on their face, violate the law and cannot be enforced against any Hosting Platform in any set of factual circumstances.

1  letters have warned that failure to correct violations or comply with local law going

2  forward may result in additional enforcement actions, including the City "refer[ring]

3  this case to the City Attorney's Office for prosecution."  The letters also have

4  instructed Airbnb to prepare a "report" disclosing all Santa Monica home-sharing

5  and vacation rental listings, as well as host data and price information, or face

6  possible criminal prosecution.  Airbnb has paid all of the citations it has received

7  under protest.

8          8.      The enforcement of the Ordinance against Airbnb is preempted

9  by the CDA, which aims "to promote the continued development of the Internet"

10 and "to preserve" its "vibrant and competitive free market."  47 U.S.C. § 230(b)(1)-

11 (2).  In furtherance of these goals, the CDA expressly preempts state and local laws

12 that treat a website "as the publisher or speaker of any information provided by

13 another information content provider."  *Id*. § 230(c)(1), (e)(3).  The City's

14 enforcement of the Ordinance—which threatens to hold Airbnb criminally and

15 civilly liable as a publisher of third-party advertisements—violates these provisions

16 of federal law and is preempted as a result.

17         9.      The enforcement of the Ordinance also violates Airbnb's First

18 Amendment rights.  The Ordinance is a content-based restriction on advertisements

19 provided by third parties—in the form of rental listings—which are protected speech

20 under the First Amendment.  The Ordinance seeks to punish Airbnb for publishing

21 third-party rental listings that do not comply with Santa Monica law.  To justify this

22 content-based restriction on speech, the City bears the burden of showing that the

23 Ordinance is narrowly tailored to further a substantial government interest.  The

24 City cannot carry this burden because, instead of targeting speech, the City could

25 simply enforce its existing short-term rental law directly against hosts who violate it.

26 Indeed, the City has recently increased its enforcement efforts, which has led to a

27

28

"sharp increase in the number of citations issued to short-term rental hosts"[2] and the first criminal prosecution under the Ordinance.[3]

        10.    The Ordinance also violates Airbnb's rights under the First Amendment and the Due Process Clause of the Fourteenth Amendment because it seeks to impose criminal penalties on Hosting Platforms like Airbnb without requiring any showing of mens rea or scienter.  The City has impermissibly created a strict-liability crime for publishing third-party advertisements for rentals that prove to be unlawful for one reason or another, even if the Hosting Platform has no knowledge of the violation.  The Ordinance also is impermissibly vague as to what measures Hosting Platforms like Airbnb must undertake to comply with its provisions.

        11.    The disclosure provisions of the Ordinance separately are barred by the SCA and the Fourth Amendment.  The Ordinance requires Hosting Platforms to disclose to the City user names and addresses, and other non-public customer information, on a quarterly basis—without any legal process.  S.M. Code § 6.20.050(b).  This disclosure requirement squarely conflicts with the SCA, which bars state laws that compel services like Airbnb to release basic customer information to governmental entities without legal process.  One of Congress's goals in enacting the SCA was to protect the privacy of customers of electronic communication service providers.  The Ordinance directly undermines that objective.

---

[2]  Ben Bergman, *Why Airbnb Paid $20,000 to the City of Santa Monica*, KQED News (July 28, 2016), http://ww2.kqed.org/news/2016/07/28/why-airbnb-paid-20000-to-the-city-of-santa-monica/ (last visited September 1, 2016).

[3]  Hailey Branson-Potts, *Santa Monica Convicts Its First Airbnb Host Under Tough Home-Sharing Laws*, Los Angeles Times (July 13, 2016), http://www.latimes.com/local/lanow/la-me-ln-santa-monica-airbnb-conviction-20160713-snap-story.html (last visited September 1, 2016).

12.     Similarly, the Ordinance violates the Fourth Amendment because, contrary to the U.S. Supreme Court's decision in *City of Los Angeles v. Patel*, 135 S. Ct. 2443 (2015), it threatens Airbnb with criminal sanctions if it fails to provide certain data on its users, without providing an opportunity to challenge the reasonableness of those demands before a neutral decision maker.  The Ordinance's reporting requirement compels regular disclosure of sensitive, private data regarding Airbnb's hosts and their listings, without pre-compliance review of objections.  Airbnb is given only two options: either produce user data or face criminal sanctions.  The Fourth Amendment precludes the City's demand for this private information without any prior review by a neutral judicial officer.

**PARTIES**

13.     Plaintiff Airbnb, Inc. is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in San Francisco, California.  It maintains a website that provides an online marketplace for people to list, explore, and book both short-term and long-term housing accommodations.

14.     Defendant City of Santa Monica is an incorporated municipality located in Los Angeles County, California.

**JURISDICTION AND VENUE**

15.     This Court has jurisdiction of this action under 28 U.S.C. § 1331 and 42 U.S.C. § 1983 because Airbnb alleges an imminent violation of its rights under the Constitution and laws of the United States.

16.     The Court may declare the legal rights and obligations of the parties in this action pursuant to 28 U.S.C. § 2201 because the action presents an actual controversy within the Court's jurisdiction.

17.     Venue is proper under 28 U.S.C. § 1391 because the Defendant is located and resides in this judicial district, and because a substantial part of the events giving rise to Airbnb's claims for relief occurred in this judicial district.

18.     This action should be assigned to the Western Division of this Court because the sole defendant, the City of Santa Monica, is located in Los Angeles County.

## FACTUAL ALLEGATIONS

### Airbnb

19.     Founded in 2008, Airbnb provides an Internet platform through which persons desiring to book accommodations ("guests"), and persons listing unique accommodations available for rental ("hosts"), can locate each other and enter into direct agreements to reserve and book travel accommodations on a short and long-term basis.

20.     Airbnb does not manage, operate, lease or own hosts' accommodations, and it is not a party to the direct agreements between guests and hosts for the booking of rentals offered by hosts.  Airbnb's platform provides a means by which interested hosts can choose to list their accommodations; hosts and guests can locate and connect with one another; and hosts and guests can message each other directly on the platform[4] and determine the material terms of their bookings.  Airbnb also enables the provision of payment processing services to permit hosts to receive payments electronically.  In consideration for the use of its platform, Airbnb receives a service fee from both the guest and host, determined as a percentage of the accommodation fee set solely by the host.

21.     Hosts, and not Airbnb, decide whether to list their properties and with whom and when to transact, provide the descriptions of their rentals, set their own lengths of stay, and determine their prices.  As Airbnb's Terms of Service state, hosts "alone are responsible for any and all Listings and Member Content [they]

_____

[4] Airbnb also provides electronic storage of those communications on its platform.

post."[5]  Likewise, the Ordinance itself defines a "Hosting Platform" as a "marketplace… which facilitates the Home-Sharing or Vacation Rental, through advertising, match-making or any other means."  S.M. Code § 6.20.010(b).

22.    Airbnb advises its hosts and guests to be aware of and comply with local laws in listing and renting units listed on Airbnb.  The Airbnb Terms of Service reference at their outset parties' "OBLIGATIONS TO COMPLY WITH APPLICABLE LAWS AND REGULATIONS," and that

> IN PARTICULAR, HOSTS SHOULD UNDERSTAND HOW THE LAWS WORK IN THEIR RESPECTIVE CITIES.  SOME CITIES HAVE LAWS THAT RESTRICT THEIR ABILITY TO HOST PAYING GUESTS FOR SHORT PERIODS….  IN MANY CITIES, HOSTS MUST REGISTER, GET A PERMIT, OR OBTAIN A LICENSE BEFORE LISTING A PROPERTY OR ACCEPTING GUESTS.  CERTAIN TYPES OF SHORT-TERM BOOKINGS MAY BE PROHIBITED ALTOGETHER.[6]

23.    Similarly, the "Responsible Hosting" page for Santa Monica informs hosts that "it's important for you to understand the laws in your city" and specifically references the Ordinance and provides a link to the City's website for more information.  It states that "Hosted rentals . . . where at least one of the primary residents lives on site throughout the visitor's stay are allowed for 30 days or less."  It also informs hosts that the Ordinance "requires a business license, taxes and compliance with other health and safety laws," and that "You may include your business license number on your listing" in the "'Other Things to Note' field" by "typ[ing] in your permit number following the acceptable permit format for Santa Monica.  The format is: xxxxxx.  An example would be: 123456."  Last, the page makes clear that "Un-hosted rentals (Santa Monica calls vacation rentals) are

---

[5]  Airbnb, "Terms of Service," https://www.airbnb.com/terms (last visited September 1, 2016).

[6]  *Id.*

prohibited unless they are 30 days or longer.  If a primary resident is not living on site throughout the stay, Santa Monica's law prohibits short-term rental."[7]

24.     As part of the Airbnb Community Compact, the company is committed to helping promote responsible home sharing to make cities stronger. For example, Airbnb discretionarily removes listings that it believes may be offered by hosts with multiple "entire home" listings or by unwelcome commercial operators.  If Airbnb is alerted to shared spaces or private rooms that appear to be operated by unwelcome commercial operators or that do not reflect the community vision, it generally will remove such listings.[8]

25.     Information and data relating to platform users is confidential information about Airbnb's business operations.  Airbnb takes various measures to guard such confidential business information from public disclosure, which is important for Airbnb's ability to maintain its business success.

26.     Airbnb also takes very seriously the privacy of its hosts and guests, and takes various measures to protect their privacy.  For example, although both hosts and guests complete profiles in order to participate on the site, personal information, including contact details and even last names, is not revealed until a booking has been completed.

### The Santa Monica Ordinance

27.     On May 12, 2015, the Santa Monica City Council adopted the Ordinance, entitled Ordinance 2484CCS, which added Chapter 6.20 to the Santa Monica Municipal Code.  The Ordinance became effective on June 12, 2015.  It prohibits within the City of Santa Monica "Vacation Rentals," which are defined as

---

[7]  Airbnb, "Santa Monica, CA," https://www.airbnb.com/help/article/908/santa-monica--ca (last visited September 1, 2016).

[8]  Airbnb, "Community Compact," https://www.airbnbaction.com/wp-content/uploads/2015/11/Airbnb-Community-Compact.pdf (last visited September 1, 2016).

the "[r]ental of any dwelling unit, in whole or in part," to "any person(s) for exclusive transient use of 30 consecutive days or less, whereby the unit is only approved for permanent residential occupancy and not approved for transient occupancy or Home-Sharing as authorized by this Chapter."  S.M. Code § 6.20.010(c); 6.20.020(a).

28.     The Ordinance permits, under certain conditions, "Home-Sharing," which is defined as "[a]n activity whereby the residents host visitors in their homes, for compensation, for periods of 30 consecutive days or less, while at least one of the dwelling unit's primary residents lives on-site, in the dwelling unit, throughout the visitors' stay." *Id.* § 6.20.010(a); 6.20.020(a).

29.     Home-sharing may be authorized by the City provided that the host:  (1) "Obtains and maintains at all times a City business license authorizing Home-Sharing activity"; (2) "Operates the Home-Sharing activity in compliance with all business license permit conditions"; (3) "Collects and remits Transient Occupancy Tax ('TOT'), in coordination with any Hosting Platform if utilized, to the City and complies with all City TOT requirements as set forth in" other provisions of the Code; (4) "Takes responsibility for and actively prevents any nuisance activities that may take place as a result of Home-Sharing activities"; (5) "Complies with all applicable laws, including all health, safety, building, fire protection, and rent control laws"; and (6) "Complies with [the Ordinance]." *Id.* § 6.20.020(a).

30.     The Ordinance's prohibitions apply not only to hosts, but also to "Hosting Platforms."  A Hosting Platform is defined as a "marketplace in whatever form or format which facilitates the Home-Sharing or Vacation Rental, through advertising, match-making or any other means, using any medium of facilitation, and from which the operator of the hosting platform derives revenues, including booking fees or advertising revenues, from providing or maintaining the marketplace." *Id.* § 6.20.010(b).

31.     The Ordinance provides that "[n]o person, including any Hosting Platform operator, shall undertake, maintain, authorize, aid, facilitate or advertise any Home-Sharing activity that does not comply with section 6.20.020 of this Code or any Vacation Rental activity." *Id.* § 6.20.030(a)

32.     The Ordinance also imposes certain "responsibilities" on Hosting Platforms, including the collection of Transient Occupancy Taxes (TOTs) from authorized home-sharing listings. *Id.* § 6.20.050(a).  The Ordinance requires Hosting Platforms to "disclose to the City on a regular basis each Home-Sharing and Vacation Rental listing located in the City, the names of the persons responsible for each such listing, the address of each such listing, the length of stay for each such listing and the price paid for each stay." *Id.* § 6.20.050(b).

33.     The Ordinance provides for criminal and administrative penalties for non-compliance.  Any person violating a provision of the Chapter "shall be guilty" of an infraction, punishable by a fine not exceeding $250, or a misdemeanor, punishable by a fine not exceeding $500 and/or by imprisonment for a period not exceeding six months. *Id.* § 6.20.100(a).  The Ordinance contains no scienter, mental state, or mens rea requirement associated with these criminal penalties.  The Ordinance also provides for administrative fines and penalties. *Id.* § 6.20.100(c).

34.     At the direction of the Santa Monica City Council, the Council's staff prepared a report ("City Council Report" or "Report"),[9] dated April 28, 2015, discussing the rationale for the Ordinance.  The Report noted that "*Airbnb hosts* list their properties," "*hosts decide* how much to charge per night, per week, or per month," that "[e]ach listing *allows hosts* to promote properties" to prospective

---

[9]  Santa Monica City Council Report, April 28, 2015, available at https://www.smgov.net/departments/council/agendas/2015/20150428/s2015042807-A.pdf (last visited September 1, 2016).

guests[10]; and that "[h]ome-sharing, vacation rentals, and even house swapping have been around for decades," through "message boards or in advertising in magazines and newspapers" (emphases added).[11]

35.    The Report states that failure to comply with the Ordinance will result in "additional enforcement steps," including "the issuance of a monetary citation and/or criminal prosecution."[12]

36.    On July 1, 2016, the City established home-sharing rules that implement the Ordinance.  Those rules provide, among other things, that the required reports under Section 6.20.050(b) be made quarterly.  They also impose additional obligations on hosts, including by requiring them to: include their business license number in any short-term rental listing; provide guests with information on emergency exit routes; and operate no more than one short-term rental in the City.

37.    To comply with the Ordinance, Airbnb would have to affirmatively monitor each new and ongoing listing that was created by third-party users to guarantee that no host posted any listing in violation of the Ordinance. Airbnb employees would also have to regularly visit the physical location of each listing to make sure hosts meet the requirements of the Ordinance by, for example, monitoring whether the host is present during the stay and whether the property is in compliance with all health, safety, building, and fire protection laws.  And Airbnb would have to regularly check the business records of each listing, including permitting information and tax registration, to ensure that each listing was in compliance.  This type of continuous, detailed monitoring would impose a significant—if not impossible—burden on Airbnb.

_____

[10]  *Id.* at 12 (emphases added).

[11]  *Id.* at 2.

[12] *Id.* at 28.

1      38.    The Ordinance does not set forth any procedures for how full

2   compliance with the relevant provisions of the Ordinance could be achieved.  To

3   avoid the continued risk of significant criminal and civil penalties, Airbnb would

4   likely need to remove all Santa Monica listings from its website, and prevent further

5   postings from being added.  This would include the removal of listings that may

6   otherwise be in compliance with City law given that Airbnb likely will not be able

7   to check each listing's compliance.  The removal of these listings would

8   substantially disrupt Airbnb's operations and harm the business goodwill that

9   Airbnb has generated from the hosts and guests who use its platform in Santa

10   Monica—and that goodwill will likely be irreparably lost.

11            **The City's Past Enforcement Efforts Against Airbnb**

12      39.    Over the past year, the Code Enforcement Division of the Santa

13   Monica Planning and Community Development Department has sent Airbnb several

14   letters regarding purported violations of the Ordinance.

15      40.    These letters state that there are "hundreds" of unlawful vacation

16   rentals on Airbnb's platform and that the office is issuing "administrative citations"

17   to Airbnb relating to certain properties in Santa Monica listed on Airbnb.  For each

18   property, the letters have attached one or more "Municipal Code Administrative

19   Citations," with fines ranging from several hundred to several thousands of dollars.

20      41.    The "violation[] … identified" in the citations is an "Online

21   advertisement of Vacation Rental via AirBnB" or "Operation of Vacation Rental via

22   Airbnb."  The citations list "Required Corrective Action(s) to Correct Violations,"

23   described as (1) payment of the fine and (2) removal from Airbnb's platform of the

24   vacation rentals underlying the citations as well as all other advertisements for

25   vacation rentals.  The letters state that if the violations are not corrected by a certain

26   date, the Office may take additional enforcement actions, such as issuing additional

27   administrative fines "and/or referring the case to the City Attorney's Office for

28

prosecution." The citations also state that "FAILURE TO PAY AN ADMINISTRATIVE FINE WHEN DUE IS A MISDEMEANOR."

42. The letters have further demanded that Airbnb comply with other provisions of the Ordinance to "avoid further enforcement action," including providing the City with a "report disclosing each home-sharing and vacation rental listing located in the City, the names of the persons responsible for each such listing, the address of each such listing, the number of nights that the residential use was occupied for transient use, and the amounts paid for each night of transient occupancy."

43. On each occasion, Airbnb has paid the fines in the attached citations under protest, stating that "Payment of these fines shall not be construed as an admission that Santa Monica law is constitutional, valid and not preempted by federal law, or that Airbnb, Inc. ("Airbnb") is responsible or liable under any provision of the Santa Monica Municipal Code." Airbnb also has stated that "payment shall not be construed as a waiver of any right, argument, or assertion challenging any provision of the Santa Monica Municipal Code or the City's enforcement of such provisions, all of which is expressly preserved."

## Claims for Relief

### CLAIM 1: VIOLATION OF THE COMMUNICATIONS DECENCY ACT, 47 U.S.C. § 230, AND CLAIM FOR INJUNCTIVE RELIEF, PURSUANT TO 42 U.S.C. § 1983 AND THE COURT'S EQUITABLE POWERS

44. Airbnb incorporates all of the preceding paragraphs as if fully set forth herein.

45. Airbnb is a provider of an interactive computer service within the meaning of 47 U.S.C. § 230, because it operates the interactive online platform Airbnb.com. Airbnb provides information to multiple users by giving them computer access to a computer server within the meaning of 47 U.S.C. § 230(f)(2).

13

46.    The third-party hosts that create listings on Airbnb.com are persons responsible for the creation or development of information provided through Airbnb, within the meaning of 47 U.S.C. § 230(f)(3).

47.    The Ordinance violates and conflicts with 47 U.S.C. § 230, and Airbnb's rights thereunder, because it imposes duties and obligations on Airbnb that derive from Airbnb's status as a publisher or speaker of third-party content and treats Airbnb as the publisher or speaker of information provided by another information content provider, all in a manner prohibited by section 230.

48.    First, the Ordinance imposes criminal and civil liability for Airbnb's publication of third-party rental advertisements that violate the Ordinance or any other "applicable laws, including all health, safety, building, fire protection, and rent control laws." S.M. Code §§ 6.20.020(a)(6); 6.20.030(a). The liability in these provisions derives from Airbnb's publication of third-party rental advertisements on its website.

49.    Second, the Ordinance requires Airbnb to screen and verify content associated with a third-party rental advertisement prior to publishing that advertisement. Specifically, Airbnb must verify whether the rental complies with the Ordinance and other applicable City law. The acts of screening and verifying information associated with a third-party listing are protected editorial acts, and these requirements derive from Airbnb's status as a publisher or speaker of third-party content, in violation of the CDA.

50.    Third, the Ordinance penalizes Airbnb for failing to remove content. Specifically, the City, through its enforcement efforts, has shown that it will impose liability on Hosting Platforms for a failure to take down listings that the City has identified as noncompliant in prior citations. Such liability targets Airbnb in its role as a publisher, as choosing to remove content is a protected editorial act.

51.    Fourth, the Ordinance violates the CDA by directly regulating the structure and operation of Airbnb's website. The Ordinance requires Airbnb to

14

1    verify that a listing has been issued a business license and complies with all other

2    aspects of City law before posting the listing.  In doing so, the Ordinance effectively

3    requires Airbnb to alter the structure and operation of its website.

4          52.    The Ordinance is a "State or local law that is inconsistent with"

5    section 230, in violation of 47 U.S.C. § 230(e)(3).

6          53.    The enforcement of the Ordinance against Airbnb violates and is

7    preempted by 47 U.S.C. § 230.

8          54.    The Ordinance also interferes with or impedes the

9    accomplishment of the full purposes and objectives of federal law, violates the

10   Supremacy Clause, U.S. Const. art. VI, cl. 2, and is invalid and preempted.

11         55.    Pursuant to 42 U.S.C. § 1983 and the Court's equitable powers,

12   Airbnb seeks injunctive relief against the City to prevent its enforcement of the

13   Ordinance, which would conflict with and violate the CDA.

**CLAIM 2: VIOLATION OF THE FIRST AND FOURTEENTH
AMENDMENTS OF THE U.S. CONSTITUTION AND CLAIM FOR
INJUNCTIVE RELIEF, PURSUANT TO 42 U.S.C. § 1983 AND THE
COURT'S EQUITABLE POWERS**
**(Content-Based Restrictions on Speech)**

18         56.    Airbnb incorporates all of the preceding paragraphs as if fully set

19   forth herein.

20         57.    The Ordinance is a content-based restriction on Airbnb's speech,

21   including commercial speech, as an online platform for third-party rental

22   advertisements and listings.  The Ordinance seeks to impose both civil and criminal

23   penalties on Airbnb for publishing third-party rental listings in a manner that does

24   not comply with the Ordinance's requirements.

25         58.    The restriction on speech imposed by the Ordinance is not

26   narrowly or appropriately tailored to promote a compelling or substantial interest on

27   the part of the City, and is not likely to achieve any such interest in a direct and

28   material way.  Instead of seeking to impose liability on Hosting Platforms like

15

Airbnb for publishing third-party rental listings, the City could instead enforce its short-term rental laws directly against hosts who rent their residences in a manner that does not comply with the law.  The City has not shown, and cannot show, that this less-speech-restrictive alternative would not be an adequate means of achieving the City's policy goals.

59.     The Ordinance also will have an impermissible chilling effect on speech because it will prevent Airbnb from publishing any third-party listing for which Airbnb cannot confirm that the listing complies with the Ordinance and other applicable City law.  As such, the Ordinance will likely force Airbnb to remove listings that may be lawful.  Given the substantial criminal and civil penalties for non-compliance, and the practical impossibility of confirming that each third-party listing advertises an occupancy that complies with all applicable City laws, Hosting Platforms like Airbnb would be forced to refrain from publishing even lawful listings from third parties.

60.     The enforcement of the Ordinance against Airbnb therefore violates the First Amendment of the U.S. Constitution, as applied to the City by the Fourteenth Amendment.

61.     Pursuant to 42 U.S.C. § 1983 and the Court's equitable powers, Airbnb seeks injunctive relief against the City, whose enforcement of the Ordinance would conflict with and violate the First Amendment.

**CLAIM 3:  VIOLATION OF THE FIRST AND FOURTEENTH
AMENDMENTS OF THE U.S. CONSTITUTION, AND CLAIM FOR
INJUNCTIVE RELIEF, PURSUANT TO 42 U.S.C. § 1983 AND THE
COURT'S EQUITABLE POWERS
(Imposition of Criminal Penalties Without Scienter)**

62.     Airbnb incorporates all of the preceding paragraphs as if fully set forth herein.

63.     The imposition of criminal penalties under the Ordinance violates the First Amendment and Due Process Clause of the Fourteenth

16

Amendment of the United States Constitution because the Ordinance purports to impose strict criminal liability for the publication of third-party rental listings in the absence of proof of mens rea or scienter.

64. The Ordinance seeks to impose criminal penalties on Hosting Platforms like Airbnb without requiring a showing that the platform *knew* the third-party listing at issue advertised a non-compliant rental. The Ordinance therefore would impose strict criminal liability on Airbnb for publishing any third-party listing that ultimately proves to be unlawful for any reason, even if Airbnb has no knowledge of the violation.

65. Pursuant to 42 U.S.C. § 1983 and the Court's equitable powers, Airbnb seeks injunctive relief against the City, whose enforcement of the Act through criminal penalties would conflict with and violate the First Amendment and Due Process Clause of the Fourteenth Amendment.

### CLAIM 4: VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION, AND CLAIM FOR INJUNCTIVE RELIEF, PURSUANT TO 42 U.S.C. § 1983 AND THE COURT'S EQUITABLE POWERS
### (Vagueness)

66. Airbnb incorporates all of the preceding paragraphs as if fully set forth herein.

67. The imposition of criminal penalties under the Ordinance violates the First Amendment and Due Process Clause of the Fourteenth Amendment of the United States Constitution because the Ordinance is unconstitutionally vague and fails to provide an ordinary person with notice of the conduct it punishes.

68. The Ordinance is impermissibly vague, without limitation, because it fails to inform an ordinary person what it means for a Hosting Platform to "maintain, authorize, aid, facilitate or advertise" a short-term rental that does not "[c]ompl[y] with all applicable laws, including all health, safety, building, fire

17

protection, and rent control laws." S.M. Code §§ 6.20.030(a); 6.20.020(a)(5). The Ordinance is impermissibly vague as to what measures Hosting Platforms like Airbnb must undertake to comply with these provisions.

69. Pursuant to 42 U.S.C. § 1983 and the Court's equitable powers, Airbnb seeks injunctive relief against the City, whose enforcement of the Act through criminal penalties would conflict with and violate the First Amendment and Due Process Clause of the Fourteenth Amendment.

**CLAIM 5: VIOLATION OF THE STORED COMMUNICATIONS ACT, 18 U.S.C. §§ 2701 ET SEQ., AND CLAIM FOR INJUNCTIVE RELIEF, PURSUANT TO 18 U.S.C. § 2707, 42 U.S.C. § 1983, AND THE COURT'S EQUITABLE POWERS**

70. Airbnb incorporates all of the preceding paragraphs as if fully set forth herein.

71. Under the SCA, "a provider of remote computing service or electronic communication service to the public shall not knowingly divulge a record or other information pertaining to a subscriber to or customer of such service . . . to any governmental entity," without a subpoena or other legal process, absent one of the other applicable exceptions, none of which apply here. 18 U.S.C. §§ 2702(a)(3), (c)(1); 2703(c).

72. Airbnb is a provider of an electronic communication service within the meaning of the SCA, as it provides to its users "the ability to send or receive wire or electronic communications." 18 U.S.C. § 2510(15). Airbnb also is a provider of a remote computing service within the meaning of the SCA, as it provides to users "computer storage or processing services by means of an electronic communications system." *Id*. § 2711(2).

73. The City is a "governmental entity" under the SCA. *See id.* § 2711(4) (defining "governmental entity" as "a department or agency of the United States or any State or political subdivision thereof").

74.     The Ordinance requires Hosting Platforms to "disclose to the City on a regular basis each Home Sharing and Vacation Rental listing located in the City, the names of the persons responsible for each such listing, the address of each such listing, the length of stay for each such listing and the price paid for each stay." S.M. Code § 6.20.050(b).  The City has established home-sharing rules that state such disclosures must occur on a quarterly basis.

75.     The enforcement of this provision violates and conflicts with the SCA, and Airbnb's rights thereunder, because it requires Airbnb to "divulge a record or other information pertaining to a subscriber to or customer of such service" to a "governmental entity," without a subpoena or other form of legal process.  18 U.S.C. §§ 2702(a)(3), (c)(1); 2703(c).  Further, the requirement that Airbnb disclose the rental address, length of stay, and price paid violates the SCA because the City cannot compel this information without a court order requiring it to "offer[] specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation."  18 U.S.C. § 2703(d).

76.     This provision also interferes with or impedes the accomplishment of the full purposes and objectives of federal law, violates the Supremacy Clause, U.S. Const. art. VI, cl. 2, and is invalid and preempted.

77.     Pursuant to 18 U.S.C. § 2707(a)-(b), 42 U.S.C. § 1983, and this Court's equitable powers, Airbnb seeks injunctive relief against the City to prevent its enforcement of the Ordinance, which would conflict with and violate the SCA.

**CLAIM 6:  VIOLATION OF THE FOURTH AMENDMENT OF THE U.S. CONSTITUTION, AND CLAIM FOR INJUNCTIVE RELIEF, PURSUANT TO 42 U.S.C. § 1983 AND THE COURT'S EQUITABLE POWERS**

78.     Airbnb incorporates all of the preceding paragraphs as if fully set forth herein.

19

79.　The Ordinance requires Hosting Platforms to "disclose to the City on a regular basis each Home Sharing and Vacation Rental listing located in the City, the names of the persons responsible for each such listing, the address of each such listing, the length of stay for each such listing and the price paid for each stay." S.M. Code § 6.20.050(b).

80.　The enforcement of this provision against Airbnb violates the Fourth Amendment of the Constitution, as applied to the City by the Fourteenth Amendment, because it constitutes an unreasonable search and/or seizure by compelling Airbnb to disclose to the City sensitive, private business records and/or other information in which Airbnb has a reasonable expectation of privacy, without prior judicial authorization or pre-compliance review, upon penalty of criminal sanction.

**CLAIM 7: DECLARATORY RELIEF PURSUANT TO 28 U.S.C. § 2201**

81.　Airbnb incorporates all of the preceding paragraphs as if fully set forth herein.

82.　This action presents an actual controversy between Airbnb and the City concerning the validity of the Ordinance and its enforceability against Airbnb and other online Hosting Platforms.

83.　Based on the foregoing allegations, Airbnb is entitled to a declaration, pursuant to 28 U.S.C. § 2201, that the Ordinance cannot be enforced against Airbnb because such enforcement would violate the CDA, 47 U.S.C. § 230, the Supremacy Clause, U.S. Const. art. VI, cl. 2, and the First, Fourth, and Fourteenth Amendments of the United States Constitution.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Airbnb respectfully requests that the Court:

84.　Declare that, as applied to Airbnb, the Ordinance violates 47 U.S.C. § 230 and the Supremacy Clause because it would permit the imposition of criminal and civil penalties as a result of the publication of third-party rental

20

advertisements or other information by third-party hosts on Airbnb.com and impose duties on Airbnb with respect to its protected editorial acts concerning third-party rental advertisements.

85. Declare that, as applied to Airbnb, the Ordinance violates the First and Fourteenth Amendments of the U.S. Constitution because it would place content-based restrictions on speech by imposing criminal and civil penalties on Airbnb as a result of the publication of third-party content, and the restrictions the Ordinance would impose are not narrowly tailored to promote a compelling or substantial interest on the part of the City.

86. Declare that, as applied to Airbnb, the Ordinance violates the First Amendment and Due Process Clause of the Fourteenth Amendment of the United States Constitution because it purports to impose strict criminal liability for the publication of third-party listings in the absence of proof of mens rea or scienter.

87. Declare that, as applied to Airbnb, the Ordinance violates the First Amendment and Due Process Clause of the Fourteenth Amendment of the United States Constitution because the Ordinance is unconstitutionally vague and fails to provide an ordinary person with notice of the conduct it punishes.

88. Declare that, as applied to Airbnb, the Ordinance violates 18 U.S.C. §§ 2701 *et seq.* and the Supremacy Clause because it would compel Airbnb, an electronic communication service provider and remote computing service provider, to divulge information pertaining to a subscriber or to a customer of such service to the City, a governmental entity, without a subpoena or any other form of legal process.

89. Declare that, as applied to Airbnb, the Ordinance violates the Fourth Amendment of the United States Constitution because the Ordinance compels Airbnb to disclose to the City sensitive, private business records in which Airbnb has a reasonable expectation of privacy, without prior judicial authorization or pre-compliance review, upon penalty of criminal sanction.

90.     Preliminarily and permanently enjoin the City; its officers, agents, servants, employees, and attorneys; and those persons in concert or participation with them from taking any actions to enforce Sections 6.20.030, 6.20.050(b), and 6.20.100 of the Santa Monica Municipal Code, as well as the other portions of the Ordinance providing for enforcement and penalties that would penalize Airbnb—including any investigation, arrest, prosecution, or penalty—for: (a) the publication of rental advertisements provided by third parties or other information of third-party hosts on Airbnb.com; (b) the failure to disclose to the City each rental listing located in the City as well as the names of the persons responsible for the listings, the addresses of the listings, and length of stay and price information associated with the listings; or (c) the maintenance, authorization, aiding, facilitation, or advertisement of short-term rentals that violate Chapter 6.20 of the Santa Monica Municipal Code or any other Santa Monica law.

91.     Award Airbnb its reasonable costs and attorneys' fees pursuant to 42 U.S.C. § 1988; and

92.     Award Airbnb such other and further relief as the Court deems just and proper.

DATED:  September 2, 2016             MUNGER, TOLLES & OLSON LLP

By:  */s/ Jonathan H. Blavin*
        JONATHAN H. BLAVIN
    Attorneys for Plaintiff Airbnb, Inc.