1  JONATHAN H. BLAVIN (State Bar No. 230269)
   jonathan.blavin@mto.com
2  ELLEN M. RICHMOND (State Bar No. 277266)
   ellen.richmond@mto.com
3  JOSHUA PATASHNIK (State Bar No. 295120)
   josh.patashnik@mto.com
4  MUNGER, TOLLES & OLSON LLP
   560 Mission Street, Twenty-Seventh Floor
5  San Francisco, CA 94105-4000
   Telephone:  (415) 512-4000
6  Facsimile:   (415) 512-4077

7  JOHN W. SPIEGEL (State Bar No. 78935)
   john.spiegel@mto.com
8  MUNGER, TOLLES & OLSON LLP
   355 South Grand Avenue, Thirty-Fifth Floor
9  Los Angeles, California 90071-1560
   Telephone:  (213) 683-9100
10 Facsimile:   (213) 687-3702

11 Attorneys for Plaintiff Airbnb, Inc.

12 *[Additional counsel listed on following page]*

13
   UNITED STATES DISTRICT COURT
14
   CENTRAL DISTRICT OF CALIFORNIA
15
   WESTERN DIVISION
16

17
18 AIRBNB, INC., and                    Case Nos. 2:16-cv-6645, 2:16-cv-6641
   HOMEAWAY.COM, INC.,
19                                      **[PROPOSED] ORDER GRANTING
          Plaintiffs,                   PLAINTIFFS' MOTION FOR A
20                                      PRELIMINARY INJUNCTION**
       vs.
21
   CITY OF SANTA MONICA,
22
          Defendant.
23

24
25
26
27
28

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

1 *Additional counsel*:

2 JAMES C. GRANT (*pro hac vice* application pending)
jamesgrant@dwt.com
3 AMBIKA K. DORAN (*pro hac vice* application pending)
ambikadoran@dwt.com
4 ERIC M. STAHL (State Bar No. 292637)
ericstahl@dwt.com
5 DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
6 Seattle, Washington 98101
Telephone: (206) 757-8136
7 Facsimile: (206) 757-7136

8 JASON HARROW (State Bar No. 308560)
DAVIS WRIGHT TREMAINE LLP
9 865 S Figueroa Street, Suite 2400
Los Angeles, California 90017
10 Telephone: (213) 633-6800
Facsimile: (213) 633-6899
11 Email: jasonharrow@dwt.com

12 Attorneys for Plaintiff HomeAway.com, Inc.

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

# [PROPOSED] ORDER

Before the Court is the Motion for a Preliminary Injunction ("Motion") of Plaintiffs Airbnb, Inc. and HomeAway.com, Inc. ("Plaintiffs"). Having considered the papers and the entire record, the Court finds, concludes, and orders as follows:

1. Plaintiffs have shown a likelihood of success on the merits of their challenge to Sections 6.20.030, 6.20.050(b), and 6.20.100 of the City of Santa Monica Municipal Code (the "Ordinance"), pursuant to 42 U.S.C. § 1983, 18 U.S.C. § 2707, the Declaratory Judgment Act, 28 U.S.C. § 2201, and the court's equitable powers, and Plaintiffs have also shown a likelihood of irreparable harm absent injunctive relief and that the balance of the equities and the public interest tip in their favor.

2. Plaintiffs have shown a likelihood of success on their claim that the Ordinance violates 47 U.S.C. § 230 and the Supremacy Clause because it would permit the imposition of civil and criminal penalties as a result of the publication of third-party rental advertisements or other information provided by third parties on Plaintiffs' web platforms and impose duties on Plaintiffs with respect to their protected editorial acts concerning third-party rental advertisements.

3. Plaintiffs have shown a likelihood of success on their claim that the Ordinance violates the First and Fourteenth Amendments of the U.S. Constitution because it would place content-based restrictions on speech by imposing civil and criminal penalties on Plaintiffs as a result of the publication of third-party content, and the restrictions the Ordinance would impose are not narrowly tailored to promote a compelling or substantial interest on the part of the City.

4. Plaintiffs have shown a likelihood of success on their claim that the Ordinance violates the First Amendment and Due Process Clause of the Fourteenth Amendment of the United States Constitution because it purports to impose strict criminal liability for the publication of third-party listings in the absence of proof of mens rea or scienter.

5. Plaintiffs have shown a likelihood of success on their claim that the Ordinance violates the First Amendment and Due Process Clause of the Fourteenth Amendment of the United States Constitution because the Ordinance is unconstitutionally vague and fails to provide an ordinary person with notice of the conduct it punishes.

6. Plaintiffs have shown a likelihood of success on their claim that the Ordinance violates 18 U.S.C. §§ 2701 *et seq.* and the Supremacy Clause because it would compel Plaintiffs, electronic communication service providers and remote computing service providers, to divulge information pertaining to a subscriber or to a customer of such service to the City, a governmental entity, without a subpoena or any other form of legal process.

7. Plaintiffs have shown a likelihood of success on their claim that the Ordinance violates the Fourth Amendment of the United States Constitution because the Ordinance compels Plaintiffs to disclose to the City sensitive, private business records in which Plaintiffs have a reasonable expectation of privacy, without prior judicial authorization or pre-compliance review, upon penalty of criminal sanction.

8. Because the Ordinance will result in the immediate infringement of First Amendment rights, the Court may presume that irreparable harm will result. In addition, Plaintiffs have shown that they will suffer irreparable harm if the City is allowed to continue enforcing the Ordinance because they will be forced between risking criminal liability and censoring third-party speech on their websites to ensure that no such conduct runs afoul of the Ordinance. Plaintiffs also face irreparable harm because they face threats of prosecution and significant fines under a preempted and unconstitutional law, and disruption to their businesses and a loss of consumer goodwill.

9. There will be little harm to Defendant City of Santa Monica ("City") if it is forced to halt enforcement of the Ordinance against hosting platforms,

as it can still enforce its short-term rental laws against property owners and hosts who violate it. That harm is minimal in comparison to the substantial threats to their free speech rights that Plaintiffs face from enforcement of the Ordinance as well as threats of criminal and civil penalties under a preempted and unconstitutional law. The balance of the equities therefore tips in Plaintiffs' favor.

10. An injunction is in the public interest. The public interest is served by "the Constitution's declaration that federal law is to be supreme." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1059-60 (9th Cir. 2009). In addition, "'it is always in the public interest to prevent the violation of a party's constitutional rights.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012).

THEREFORE, the Court ORDERS as follows:

(A) Plaintiffs' Motion is GRANTED.

(B) Defendant City of Santa Monica and its agents, servants, employees, and attorneys are hereby enjoined from taking any action—including, but not limited to, any investigation, arrest, citation, prosecution, or penalty—to enforce against Plaintiffs Sections 6.20.030, 6.20.050(b), and 6.20.100 of the City of Santa Monica Municipal Code, as well as any other portions of the Municipal Code providing for penalties for violations of those provisions.

(C) This injunction will issue without the requirement of any security bond because Plaintiffs have shown a likelihood of success on the merits of their claims under the Communications Decency Act, the Stored Communications Act, and the First, Fourth, and Fourteenth Amendments. The Court additionally finds that the City will suffer little or no harm from ceasing enforcement of the Ordinance against hosting platforms.

(D) The injunction shall take effect immediately and remain in effect during the duration of this action and through final judgment, absent reversal or amendment by appellate order.

1    IT IS SO ORDERED.

2

3  Dated:_____                    _____
4                                            United States District Judge